IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TEQUAN SABRE′ GRAHAM, # 256057, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:13cv882-WHA |
| | ) (WO) |
| KARLA JONES, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Tequan Sabre′ Graham ("Graham").  Doc. No. 1.[1]  Graham challenges matters related to (1) the revocation of his probation by the Circuit Court of Houston County on December 13, 2010, and (2) his 2007 second-degree burglary conviction in that court and resulting 20-year sentence.

## I.   BACKGROUND[2]

### Conviction, Sentence, and (Untimely) Direct Appeal

On November 5, 2007, Graham pled guilty in the Circuit Court of Houston County to a charge of second-degree burglary, in violation of § 13A-7-6, Ala. Code 1975.  On November 28, 2007, Graham applied for probation.  That same day, the trial court denied

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.  Page references are to those assigned by CM/ECF

[2] Much of the convoluted procedural history set out below is taken from memorandum opinions of the Alabama Court of Criminal Appeals issued on September 23, 2011, and August 10, 2012.  *See* Doc. Nos. 9-10 and 9-14.

Graham's request for probation and sentenced him to 20 years' imprisonment, to be served in a community-corrections program. However, on December 20, 2007, after it was informed that the community-corrections program refused to allow Graham, the trial court removed Graham from the program and ordered him to serve his 20-year sentence in a state penitentiary.

On February 25, 2008, Graham filed a notice of appeal, which the Alabama Court of Criminal Appeals dismissed as untimely filed. Doc. Nos. 9-2 and 9-5. That court issued a certificate of judgment on April 17, 2008. Doc. No. 9-5.

<u>Rule 32 Petition of May 6, 2008 (Regarding Conviction and Sentence)</u>

On May 6, 2008, Graham filed a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure challenging his conviction and sentence. In the petition, Graham alleged:

(1)     His guilty plea was involuntary.

(2)     His trial counsel was ineffective.

(3)     The trial court lacked authority to remove him from community corrections.

(4)     He failed to timely appeal through no fault of his own.

Doc. No. 9-19 at 5-35.

After the State responded, the trial court summarily dismissed Graham's Rule 32 petition. *See* Doc. No. 9-6 at 1.

<u>Appeal from Denial of Rule 32 Petition of May 6, 2008</u>

2

Graham appealed from the denial of his Rule 32 petition. By order dated September 10, 2008, the Alabama Court of Criminal Appeals remanded the case for the trial court to issue specific written findings of fact regarding the merits of Graham's claims and, if necessary, to conduct an evidentiary hearing on those claims. Doc. No. 9-6.

While the case was on remand, Graham filed an amendment to his Rule 32 petition presenting an additional claim of ineffective assistance of counsel. Graham also filed a motion with the trial court to reconsider its denial of his request for probation. On February 17, 2009, the trial court conducted a hearing on Graham's motion to reconsider the denial of his probation. Doc. No. 9-20 at 60-64. Following the hearing, the trial court granted Graham's request for probation, suspended his 20-year sentence, and placed him on probation for three years. *Id*. at 63. Graham's counsel then indicated that, with the grant of probation, Graham wished to withdraw his Rule 32 petition. *Id*.

The trial court submitted its return to remand with the Alabama Court of Criminal Appeals on March 26, 2009. By order dated April 24, 2009, the Alabama Court of Criminal Appeals remanded the case a second time for the trial court to conduct a hearing and to "make written findings of fact as to whether Graham knowingly and voluntarily decided not to pursue his Rule 32 petition." Doc. No. 9-7. On May 5, 2009, the trial court conducted a hearing, at which Graham affirmatively indicated that he wanted to withdraw his appeal from the summary dismissal of his Rule 32 petition since he had been granted probation. Doc. No. 9-21 at 13-20.

3

The trial court submitted its second return to remand with the Alabama Court of Criminal Appeals on June 4, 2009.  By order dated June 19, 2009, the Alabama Court of Criminal Appeals dismissed as moot Graham's appeal from the summary dismissal of his Rule 32 petition, and issued a certificate of judgment.  Doc. No. 9-8.

<u>Probation Revocation and Appeal from Revocation</u>

On July 1, 2010, Graham's probation officer filed a delinquency report alleging that Graham violated the terms and conditions of his probation by committing the new offense of receiving stolen property.  *See* Doc. No. 9-23 at 6-9.  A probation-revocation hearing was held on December 13, 2010, after which the trial court revoked Graham's probation and reinstated his 20-year sentence.  Doc. No. 9-24 at 3-33.

Graham appealed from the revocation of his probation, alleging:

(1)   The State's evidence was insufficient to warrant revoking his probation.

(2)   The record was unclear as to the reason for the trial court's revocation of his probation.

(3)   The record was unclear as to whether the trial court had the authority to sentence him to confinement for more than the three-year probationary term.

Doc. No. 15-1.

In an unpublished memorandum opinion issued on September 23, 2011, the Alabama Court of Criminal Appeals affirmed the trial court's revocation of Graham's probation, finding:

(1)     There was ample evidence before the trial court for it to reasonably conclude that Graham violated the terms of his probation.

(2)     It was clear from the trial court's written findings that the court found sufficient evidence Graham violated his probation by committing a new criminal offense.

(3)     It was clear from the record that the trial court was authorized to reinstate Graham's original sentence of 20 years' imprisonment after revoking his probation.

Doc. No. 9-10.

Graham applied for rehearing, which was overruled on October 14, 2011. Doc. No. 15-2; Doc. No. 9-11. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on December 9, 2011, issuing a certificate of judgment that same day. Doc. No. 15-3; Doc. No. 9-13.

### Rule 32 Petition of February 18, 2012

On February 18, 2012, Graham filed a Rule 32 petition, claiming:

(1)     The trial court erred in allowing evidence of collateral crimes at the revocation hearing.

(2)     The evidence at the revocation hearing was insufficient to warrant revoking his probation.

(3)     The trial court erred by not granting him credit for all time he spent incarcerated for his second-degree burglary conviction.

(4)     The trial court erred by ordering that he serve the remainder of his 20-year sentence although he was resentenced (on February 17, 2009) to only three years' imprisonment.

(5)     Based on his assertions in claims (3) and (4), set out above, he

was being held in custody after expiration of his sentence.

Doc. No. 9-22 at 5-26.

On March 1, 2012, without receiving a response from the State, the trial court

summarily dismissed Graham's Rule 32 petition, finding:

- claims (1) and (2), set out above, were precluded under Ala.R.Crim.P. 32.2(a)(4) because they were raised and addressed on Graham's appeal from the revocation of his probation;

- claim (3), set out above, was insufficiently pled; and

- claims (4) and (5), set out above, were meritless.

Doc. No. 9-22 at 32-33.

<u>Appeal from Denial of Rule 32 Petition of February 18, 2012</u>

Graham appealed from the denial of the Rule 32 petition, arguing:

(1)   The trial court erred in not granting him credit for all time he spent incarcerated on his burglary conviction.

(2)   The trial court erred in ordering that he serve the remainder of his 20-year sentence.

(3)   He was being held in custody after expiration of his sentence.

Doc. No. 15-4.

In an unpublished memorandum opinion issued on August 19, 2012, the Alabama

Court of Criminal Appeals affirmed the denial of Graham's Rule 32 petition. Doc. No. 9-

14. Regarding Graham's claim that the trial court erred in not granting him credit for all the

time he had spent incarcerated for the second-degree burglary conviction, the Alabama

Court of Criminal Appeals held that the claim was not properly raised in a Rule 32 petition but instead should be presented in a state petition for writ of habeas corpus.  Doc. No. 9-14 at 5.  The appellate court further held that, in any event, the claim was meritless.  *Id.*

The Alabama Court of Criminal Appeals found Graham's two remaining claims to center on his assertion that he was "resentenced" on February 17, 2009, to three years' imprisonment and placed on probation for those three years.  *Id.*  However, the appellate court found Graham's assertion in this regard to be "simply false" and that the trial court's placement of Graham on probation for three years did not alter his underlying 20-year sentence.  *Id.* at 5-6.  The Alabama Court of Criminal Appeals went on to observe – in a footnote – that the trial court lacked authority at the February 17, 2009, remand hearing to suspend Graham's 20-year sentence and place him on probation, as such actions were beyond the scope of the remand order and therefore void and, more generally, because a trial court's authority to suspend a sentence and place a person on probation terminates once that person has entered on service of his sentence.  *Id.* at 6.  However, the Alabama Court of Criminals found that the placement of Graham on probation did not alter or amend his underlying 20-year sentence and that, "because Graham is in the same position as he would have been had the circuit court not exceeded its authority in 2009 – he is serving his 20-year sentence in confinement," it was unnecessary to set aside the trial court's judgment of February 17, 2009.  *Id.* at 6-7.

Graham applied for rehearing, which was overruled on October 14, 2011.  Doc. No.

9-11; Doc. No. 15-2.  He then filed a petition for writ of certiorari with the Alabama

Supreme Court, which that court denied on November 9, 2012, issuing a certificate of

judgment the same day.  Doc. No. 9-15; Doc. No. 18-6.

<u>Rule 32 Petition of November 11, 2012</u>

On November 11, 2012, Graham filed another Rule 32 petition, arguing:

(1)     His trial counsel was ineffective for coercing him into
        dismissing his original Rule 32 petition (the Rule 32 petition
        challenging his conviction and sentence) in exchange for "a
        three-year void sentence."

(2)     He involuntarily dismissed his original Rule 32 petition due to
        the ineffectiveness of his counsel.

(3)     The State breached its agreement to have him sentenced to three
        years' probation in exchange for dismissing his original Rule 32
        petition.

(4)     The trial court erred on remand when it sentenced him to
        probation.

(5)     The trial court erred in not granting him credit for all time he
        spent serving a "null and void sentence."

(6)     His failure to appeal from the dismissal of his original Rule 32
        petition was through no fault of his own.

Doc. No. 9-25 at 6-31.

On December 13, 2012, the trial court, without receiving a response from the State,

summarily dismissed Graham's Rule 32 petition, finding that the petition was not

sufficiently specific, precluded, and failed to state a claim and that no material issue of fact

or law existed that would entitle Graham to relief under Rule 32.  *Id*. at 5.

<u>Appeal from Denial of Rule 32 Petition of November 11, 2012</u>

Graham appealed, reasserting the claims raised in his Rule 32 petition and also arguing that the trial court erred in failing to address his prior convictions for sentencing in violation of § 13A-5-9, Ala. Code 1975.  Doc. No. 15-5.  In an unpublished memorandum opinion issued on April 26, 2013, the Alabama Court of Criminal Appeals affirmed the denial of Graham's Rule 32 petition.  Doc. No. 9-16.  In relevant part, the appellate court held:

> Claims (1), (2), (3), (4), and (6) are all precluded because they are time-barred pursuant to Rule 32.2(c), Ala. R. Crim. P.  These claims arise from the May 5, 2009, proceeding regarding Graham's first petition, which was dismissed as moot in June of 2009.  Graham had one year from June 19, 2009, to timely raise these claims.  As for claim (5), as this Court stated in its August 2012 memorandum, any claim regarding failure to be credited with the time served on his sentence is a matter for a petition for writ of habeas corpus, not a Rule 32 petition.  Furthermore, this Court found in its August 2012 memorandum that Graham's illegal-sentence claim is without merit.  Although the circuit court did not have authority to place Graham on probation, that placement did not alter or amend Graham's underlying 20-year sentence.  Thus, because Graham was in the same position as he would have been had the circuit court not exceeded its authority in 2009, this Court stated that it was unnecessary to set aside the trial court's judgment of February 17, 2009.  Accordingly, Graham is not entitled to relief.

Doc. No. 9-16 at 6-7.  Regarding Graham's claim that the trial court erred in failing to address his prior convictions for sentencing in violation of § 13A-5-9, Ala. Code 1975, the appellate court held:

> That claim is not properly before this Court because the claim was not first presented to the circuit court.  *See, e.g., Arrington v. State*, 716 So.2d 237, 239 (Ala. Crim. App. 1997) (holding that "[a]n appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the

Rule 32 petition").  Accordingly, we will not address that issue.

*Id*. at 6.

Graham applied for rehearing, which was overruled.  Doc. No. 9-9; Doc. No. 15-6.

He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that

court denied on August 16, 2013, issuing a certificate of judgment the same day.  Doc. No.

9-17.

<u>Graham's § 2254 Petition</u>

On November 20, 2013, Graham initiated this habeas action by filing a § 2254

petition asserting the following claims:

(1)    The State presented insufficient evidence at the revocation
hearing that he committed the alleged new offense.  Doc. No. 1
at 10, 14-17.

(2)    "The record is unclear as to whether the court revoked Graham
because he picked up a new charge, or because [the court] was
reasonably satisfied that ... Graham committed a new offense."
*Id*. at 12, 14-17.

(3)    The record is unclear as to whether he is being held after
expiration of his sentence.  *Id*. at 13-20, 30-31, 47.

(4)    The trial court failed to award him sufficient "credit for time
served in confinement."  *Id*. at 28, 44.

(5)    The trial court erred by failing to conduct an evidentiary hearing
on his Rule 32 petition.  *Id*. at 32-33.

(6)    His counsel was ineffective for coercing him to dismiss his
original Rule 32 petition "in exchange for three years' probation
under a void sentence."  *Id*. at 35.

(7)     He did not voluntarily dismiss his original Rule 32 petition. *Id*. at 37.

(8)     The State breached its agreement to have him sentenced to probation "in exchange for dismissing his [original] Rule 32 petition." *Id*. at 39.

(9)     "[T]he trial court erred on remand from the Criminal Court of Appeals." *Id*. at 40.

(10)    At sentencing, the trial court violated § 13A-5-9, Ala. Code 1975, by failing to "procedurally address [Graham's] prior convictions before declaring [him] ... a habitual offender." *Id*. at 42.

(11)    He failed to appeal from the dismissal of his original Rule 32 petition through no fault of his own. *Id*. at 46.

Doc. No. 1 at 10-47.[3]

The respondents argue that Graham's claims either are procedurally defaulted for purposes of habeas review or were properly adjudicated on the merits by the state courts, or else involve questions of pure state law not cognizable in a federal habeas proceeding. Doc. No. 9 at 12-24. After careful review of the parties' submissions, the record, and the pertinent law, the court finds that Graham is not entitled to habeas relief and that his § 2254 petition should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

---

[3] The claims set out by Graham in his petition overlap in places, are repetitive, and are not always presented in a clear and logical fashion. For organizational and analytical purposes, this court has recast some of his claims in a more appropriate presentation.

## II.   DISCUSSION

### A.      Claims Adjudicated on Merits by State Courts

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010).  To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding."  28 U.S.C. §2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000).

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result.  *Williams*, 529 U.S. at 404-06; *Bell v. Cone*, 535 U.S. 685, 694 (2002).  A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable.  *Williams*, 529 U.S. at 407.  "Objectively unreasonable" means something more than an "erroneous" or "incorrect"

application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or ... could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 562 U.S. 86, ___, 131 S.Ct. 770, 786 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S.Ct. 1388, 1398 (2011) (internal citations omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### 1.   *Sufficiency of Evidence to Support Revocation of Probation*

Graham claims that he State presented insufficient evidence at the revocation hearing that he committed the offense of receiving stolen property in the second degree. *See* Doc.

13

No. 1 at 10, 14-17.[4]

Graham presented this claim on appeal from the revocation of his probation, where it was addressed by the Alabama Court of Criminal Appeals:

> Graham contends that the evidence offered by the State was "legally insufficient to reasonably satisfy the trial court that the alleged new offense, to wit: receiving stolen property second degree, had been committed by Graham." (Graham's brief at 11.) Specifically, Graham argues that the State failed to offer any evidence as to the value of the property that Graham allegedly received and sold. He contends that, since the crime of second-degree receiving stolen property requires that the value of the items be between $500 and $2,500, it is essential that the State offer evidence of the items' value in order for the circuit court to reasonably conclude that Graham committed the offense. However, such proof is unnecessary for a circuit court to revoke probation. This Court has held that "[i]t is not necessary in a probation revocation hearing to provide proof beyond a reasonable doubt or by a preponderance of the evidence. Rather, the lower court need only be 'reasonably satisfied from the evidence that the probationer has violated the conditions of his probation.'" *Chasteen v. State*, 652 So.2d 319, 320 (Ala.Cr.App., 1994), quoting *Armstrong v. State*, 294 Ala. 100, 312 So. 2d 620 (1975). In *Ringstaff v. State*, 480 So.2d 50, 51 (Ala. Crim. App. 1985), the appellant was arrested and charged with second-degree theft of property for allegedly stealing a roast from a grocery store. At the hearing, the State did not prove the value of the roast. However, this Court affirmed the revocation of the appellant's probation, stating:
>
> > "Because there was no evidence of the value of the roast, the State failed to present a prima facie case of theft in the second degree. However, the evidence supports a finding that Ringstaff committed the misdemeanor offense of theft of

---

[4] A fair reading of statements by the Alabama Court of Criminal Appeals in its memorandum opinions issued on August 10, 2012, and April 26, 2013 (*see* Doc. No. 9-14 at 6-7; Doc. No. 9-16 a at 7), indicates that the Alabama Court of Criminal Appeals found the trial court lacked authority to place Graham on probation in the first place, a finding which would render moot any proceedings related to the revocation of Graham's probation. However, because the Alabama Court of Criminal Appeals also addressed the merits of various claims by Graham regarding his probation revocation, this court will consider such claims presented by Graham in his § 2254 petition.

property in the third degree in violation of Alabama Code 1975, § 13A-8-5. This served as a proper ground upon which to revoke Ringstaff's probation. In *Wilcox v. State*, 395 So. 2d 1054 (Ala. 1981), our supreme court held that an implicit condition of every probation is that the probationer will not commit another criminal offense while serving a suspended or probationary sentence."

*Ringstaff*, 480 So. 2d at 51.

As noted, the State presented evidence suggesting that, not only was Graham in possession of stolen property, he also pawned property that he knew to be stolen. A person commits the crime of receiving stolen property in the third degree if the property in question does not exceed $500 in value. *See* § 13A-8-19, Ala. Code 1975. Thus, at a minimum, the State presented sufficient evidence of third-degree receiving stolen property. While the same evidence may not be sufficient to prove beyond a reasonable doubt that Graham is guilty of the charged offense, it is sufficient for a circuit court to be reasonably satisfied that Graham violated the terms of his probation.

Graham also asserts that "it is rather apparent by the evidence presented that the theory of the State's case was that Graham was the actual thief." (Graham's brief at 13.) Graham contends that the charges against him must fail because "the actual thief cannot be guilty of receiving stolen property ...." (Graham's brief at 13.) This contention is without merit. As noted above, the State presented sufficient evidence for the circuit court to revoke Graham's probation. The State's theory of the case is irrelevant as to whether the evidence presented was sufficient to revoke his probation.

Additionally, Graham contends that the evidence was insufficient because the State did not produce evidence that Graham had knowledge that the items were stolen nor did the State present evidence that Graham was in actual possession of the stolen items. However, the record belies this contention. In Graham's own recitation of the facts, he states that "[d]uring the course of [Officer Truitt's] investigation, Graham told him about some merchandise that was stolen in Dothan and pawned in Enterprise, Alabama. Graham told [Truitt] that someone else stole the merchandise, but that he picked up the merchandise and pawned them (sic) in Enterprise." (Graham's brief at 4.) The record reflects the same.

Graham argues that the State failed to prove that he had exclusive control over the storage room where some of the stolen items were found. However, testimony from Ruby Merrill, Graham's landlord, established that the storage room stayed locked and Graham had the only key. Moreover, there was testimony suggesting that Graham admitted to pawning other stolen items in Enterprise. Regardless, there was ample evidence before the circuit court for it to reasonably conclude that Graham violated the terms of his probation.

Doc. No. 9-10 at 3-5.

As the Eleventh Circuit Court of Appeals has recognized, the United States Supreme Court has not established that due process in a probation revocation proceeding requires proof beyond a reasonable doubt that the probationer committed the alleged violation. *See United States v. Taylor*, 931 F.2d 842, 848 (11th Cir. 1991) (there is no requirement in a probation revocation hearing to prove beyond a reasonable doubt that the defendant committed the alleged acts; all that is required is that the evidence reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation). Here, the evidence presented at Graham's revocation hearing was more than sufficient to sustain the conclusion that he committed a new criminal offense. Graham has failed to demonstrate that the ruling on this issue by the Alabama Court of Criminal Appeals was contrary to and/or involved an unreasonable application of clearly established Supreme Court law, nor has he demonstrated that this decision on the merits was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. *See* 28 U.S.C. §2254(d)(1) & (2). Therefore, Graham is not entitled to federal habeas relief based on this claim.

16

## 2.    *Trial Court's Basis for Revocation*

According to Graham, the record is unclear as to whether the trial court revoked his probation "because he picked up a new charge, or because [the court] was reasonably satisfied that [he] committed a new offense." *See* Doc. No. 1 at 12, 14-17.

In Graham's appeal from the revocation of his probation, the Alabama Court of Criminal Appeals addressed this claim as follows:

> Graham also contends that the record is unclear as to whether his probation was revoked because he was merely charged with a crime or because the court was reasonably satisfied that he committed a crime. Graham points to the judge's statement at the conclusion of the hearing which was as follows:
>
> > "From what I've heard, I do think that there is sufficient evidence that the defendant violated probation by receiving a new charge of receiving stolen property second degree, and his probation is revoked."
>
> (R. 42.)
>
> Graham then notes that the judge's written order reflects that his probation was revoked because he actually committed a new offense. Graham argues that this Court should remand the case with instructions that the circuit court "clarify the apparent ambiguity." (Graham's brief at 14.) Graham cites *Hunter v. State*, 782 So.2d 845 (Ala. Crim. App. 2000), and *Williams v. State*, 895 So.2d 1012 (Ala. Crim. App. 2004) in support of his argument. However, each of those cases were remanded because this Court could not discern the basis of the revocation from the written order. In the present case, the judge's written findings included an overview of the evidence adduced at the hearing followed by the conclusion that the court found sufficient evidence that Graham violated his probation "by committing new charge of RSP II." (C. 21.) Because we find the court's order revoking Graham's probation to be clear and unambiguous, *Hunter* and *William*s are distinguishable. Accordingly, remanding the case for clarification is unnecessary.

17

Doc. No. 9-10 at 5.

It is clear from the record that the trial court revoked Graham's probation based on his commission of a new criminal offense. Graham has failed to demonstrate that the ruling on this issue by the Alabama Court of Criminal Appeals was contrary to and/or involved an unreasonable application of clearly established Supreme Court law, nor has he demonstrated that this decision on the merits was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. *See* 28 U.S.C. §2254(d)(1) & (2). Therefore, Graham is not entitled to habeas relief based on this claim.

### 3.    *Whether Graham Is Being Held after Expiration of His Sentence*

Graham also contends that the record is unclear as to whether he is being held after expiration of his sentence. *See* Doc. No. 1 at 13-20, 30-31.[5]

Graham raised this claim on appeal from the revocation of his probation, and again in his Rule 32 Petition of February 18, 2012, and on appeal from the denial of that Rule 32 petition. In addressing the claim in Graham's appeal from the revocation of his probation, the Alabama Court of Criminal Appeals stated:

> Graham filed a motion to reconsider his revocation in which he asserted the following:
>
> "1) Defendant under a plea agreement was sentenced to a term of twenty (20) years/community corrections on November 18,

---

[5]  Graham's § 2254 petition also contains a claim that "the trial court erred to dismissal of Petitioner's Rule 32 petition." Doc. No. 1 at 47. A review of this claim reveals that it is essentially a restatement of Graham's claim that he is being held after expiration of his sentence.

2007 for the offense of burglary.

"2) On or about August 2008, defendant filed a Rule 32 petition seeking relief for the State breach (sic) its agreement when he was sent to prison and refused community corrections.

"3) On or about January 2009, Honorable Judge Little re-sentenced defendant to three (3) years probation in exchange that defendant drop his appeal of his Rule 32 petition.

"...."

(C. 25.) Graham then argued that the circuit court only had the "authority to revoke three (3) years for which he was to serve on probation." (C. 26.) Graham states that it is "unclear from this record whether the [circuit] court withheld sentencing, probated his original sentence, or sentenced him to a probationary term." (Graham's brief at 16.) He asks this Court to remand his case to the circuit court with instructions that it clarify his sentence. According to Graham, it would be illegal for the circuit court to sentence him to anything beyond the remainder of his three years' probation if the court had in fact re-sentenced him to a probationary term. However, the only sentence reflected in the record is Graham's original, 20-year sentence. Besides Graham's own assertion in his motion for reconsideration, the record is silent as to anything related to his sentence. "A reviewing court cannot predicate error on matters not shown by the record. Indeed, a silent record supports a judgment. It is the appellant's duty to file a correct record." *Robinson v. State*, 444 So.2d 884, 885 (Ala. 1983) (internal citations omitted).

Doc. No. 9-10 at 6.

Addressing essentially this same claim in Graham's appeal from the denial of his Rule

32 petition of February 18, 2012, the Alabama Court of Criminal Appeals held:

Graham[ ] assert[s] in his petition that he was "resentenced" on February 17, 2009, to three years' imprisonment and placed on probation for those three years. According to Graham, because he was "resentenced" to three years' imprisonment, when his probation was subsequently revoked, he could not be ordered to serve 20 years' imprisonment, but could only be ordered to serve three years' imprisonment. Those three years, Graham claims, have already

expired and, thus, he is being held in prison after his sentence has expired. However, as the circuit court recognized in its order summarily dismissing Graham's petition, Graham's assertion regarding his "resentencing" is simply false.

The transcript of the hearing conducted by the circuit court on February 17, 2009, reveals that Graham was not, as he believes, "resentenced" to three years' imprisonment for his burglary conviction. Rather, at the hearing, the circuit court merely granted Graham's motion for it to reconsider its denial of the request that he had filed on November 27, 2008, the day of his sentencing hearing, that he be granted probation on his 20-year sentence. The court's placement of Graham on probation for three years on February 17, 2009, did not alter Graham's underlying 20-year sentence. Rather, it simply resulted in the remainder of that 20-year sentence being suspended and Graham being placed on probation for three years. *See Wrav v. State*, 472 So.2d 1119 (Ala. Crim. App. 1985) ("We have ... held that a grant of probation does not reduce a sentence, but rather that the original sentence which was suspended remains the same."). Graham's argument to the contrary is meritless.

Doc. No. 9-14 at 5-6 (footnote omitted).

Thus, the Alabama Court of Criminal Appeals held that the record showed the trial court did not resentence Graham to three years' imprisonment when it granted probation, that Graham's 20-year sentence remained in place, and that Graham's sentence had therefore not expired. Graham has failed to demonstrate that this ruling by the Alabama Court of Criminal Appeals was contrary to and/or involved an unreasonable application of clearly established Supreme Court law, nor has he demonstrated that this decision on the merits was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. *See* 28 U.S.C. §2254(d)(1) & (2). Consequently, he is not entitled to habeas relief based on this claim.

B.    **Procedural Default**

1.    *Exhaustion Requirement*

Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised.  *See* 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001).  To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review – a petition for a writ of certiorari – filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001); Ala.R.App.P. 39 and 40.  The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals.  *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

"[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).  The procedural default doctrine ensures that "state courts have had the first opportunity to hear

the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971).

### 2.      *Adequate and Independent State Ground for Denying Relief*

Federal habeas review may also be unavailable for claims that a state appellate court has rejected on state procedural grounds. *Coleman*, 501 U.S. at 729. Federal habeas review reduces the finality of litigation and frustrates states' "sovereign power to punish offenders" and states' "good-faith attempts to honor constitutional rights." *Murray v. Carrier*, 477 U.S. 478, 487 (1986). When a state prisoner fails to follow state procedural rules, thereby procedurally defaulting on a claim, the authority of federal courts to review the prisoner's state court criminal conviction is "severely restricted." *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992).

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

### 3. *Graham's Procedurally Defaulted Claims*

The following claims in Graham's § 2254 petition are procedurally defaulted because the last state court to address the claims, the Alabama Court of Criminal Appeals, denied review of the claims on adequate and independent state procedural grounds:

- Graham's counsel was ineffective for coercing him to dismiss his original Rule 32 petition "in exchange for three years' probation under a void sentence."  Doc. No. 1 at 35.

- Graham did not voluntarily dismiss his original Rule 32 petition.  *Id*. at 37.

- The State breached its agreement to have Graham sentenced to probation in exchange for dismissing his original Rule 32 petition."  *Id*. at 39.

- The trial court "erred on remand from the Criminal Court of Appeals."  *Id*. at 40.

- Graham failed to appeal from the dismissal of his original Rule 32 petition through no fault of his own.  *Id*. at 46.

Graham first raised each of the above claims in his Rule 32 petition of November 11, 2012, and he pursued each claim on appeal from the trial court's denial of that Rule 32 petition.  In affirming the trial court, the Alabama Court of Criminal Appeals held that each claim was precluded as time-barred under Ala.R.Crim.P. 32.2(c).[6]  Doc. No. 9-16 at 6.  The appellate court noted that the claims arose from the May 5, 2009, proceeding regarding

---

[6] Rule 32.2(c) provides (with exceptions inapplicable to Graham's case) that Rule 32 petitions shall not be entertained unless they are filed within one year after issuance of the certificate of judgment by the Alabama Court of Criminal Appeals.  Ala.R.Crim.P. 32.2(c).

Graham's first Rule 32 petition, which was dismissed as moot on appeal on June 19, 2009 – the same date on which the Alabama Court of Criminal Appeals issued a certificate of judgment in the case. *Id*. Accordingly, under Rule 32.2(c), Graham had one year from June 19, 2009, to timely raise the claims. *Id*. Because he did not raise the claims until November 11, 2012, they were time-barred under Rule 32.2(c).

Rule 32.2(c) is firmly established and regularly followed by Alabama courts for purposes of applying the doctrine of procedural default.[7] *See Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006); *Hurth v. Mitchem*, 400 F.3d 857, 863 (11th Cir. 2005); *Kuenzel v. Commissioner, Ala. Dep't of Corrs*., 690 F.3d 1311, 1314 (11th Cir. 2012). Consequently, Graham's above-listed claims are procedurally defaulted for purposes of federal habeas review.[8]

In his appeal from the trial court's denial of his Rule 32 petition of November 11, 2012, Graham claimed, as he does in his § 2254 petition, that the trial court violated § 13A-5-9, Ala. Code 1975, by failing to address his prior convictions before declaring him a habitual offender at sentencing. The Alabama Court of Criminal Appeals held that this claim was not properly before the court on appeal because it was not first presented to the trial court in Graham's Rule 32 petition. *See* Doc. No. 9-16 at 6. Accordingly, finding the

---

[7] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

[8] Although the respondents do not assert the AEDPA's one-year limitation period as a time-bar to these claims by Graham, it would appear these claims are untimely raised in Graham's § 2254 petition under 28 U.S.C. § 2244(d).

claim to be procedurally barred, the appellate court did not address the merits of the claim. This procedural bar – that issues not raised in the lower court in a Rule 32 petition cannot be raised for the first time on appeal from the denial of the Rule 32 petition – is firmly established and regularly followed by Alabama appellate courts. *See, e.g., Boyd v. State*, 913 So.2d 1113, 1144 (Ala. Crim. App. 2003); *McGahee v. State*, 885 So.2d 191, 224 (Ala. Crim. App. 2003); *Sims v. State*, 869 So.2d 1181, 1184 (Ala .Crim. App. 2003); *Arrington v. State*, 716 So.2d 237, 239 (Ala. Crim. App. 1997); *Cleveland v. State*, 570 So.2d 855, 857 (Ala. Crim. App. 1990); *Morrison v. State*, 551 So.2d 435, 437 (Ala. Crim. App. 1990). Consequently, this claim in Graham's § 2254 petition is procedurally defaulted for purposes of federal habeas review.[9]

## Exceptions to Procedural Default

A habeas petitioner can escape the procedural-default doctrine either through showing cause for the default and prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995).

Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules or that the procedural default resulted from ineffective assistance of counsel. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). To

---

[9] This claim is also untimely raised in Graham's § 2254 petition under 28 U.S.C. § 2244(d).

establish prejudice, a petitioner must show that the errors at trial worked to his actual and substantial disadvantage, "infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170; *see Murray*, 477 U.S. at 494.

Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 327. This standard "is demanding and permits review only in the 'extraordinary' case."[10] *House v. Bell*, 547 U.S. 518, 538 (2006). A petitioner must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

Here, Graham does not attempt to demonstrate cause for his failure to present his defaulted claims to the state courts in compliance with applicable procedural rules. Nor does he make the showing of actual innocence required to overcome his procedural default. Consequently, his procedurally defaulted claims are foreclosed from federal habeas review.

---

[10] As the Supreme Court observed in *Schlup*:

>  [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

### 4.      *Credit for Time Served*

Graham also claims that the trial court failed to award him sufficient "credit for time served in confinement."  Doc. No. 1 at 28, 44.  Graham raised this claim in his Rule 32 petition of February 18, 2012, and again in his Rule 32 petition of November 11, 2012.

In Graham's appeal from the denial of his Rule 32 petition of February 18, 2012, the Alabama Court of Criminal Appeals held:

> [T]his claim is not properly raised in a Rule 32 petition.  It is well settled that "[a] petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison."  *Graves v. State*, 710 So.2d 535, 536 (Ala. Crim. App. 1997). Therefore, if Graham wishes to challenge the amount of jail credit he received, he should file a petition for a writ of habeas corpus.  Moreover, even if this claim had been properly raised in his Rule 32 petition, it is meritless. We have reviewed the record, including the attachments to Graham's petition, and it is clear that Graham has received all the jail credit to which he was entitled, i.e., that time he spent incarcerated "prior to revocation." §15-22-54(d)(3), Ala. Code 1975.  Graham's claim that he is entitled to additional jail credit for time he spent in the county jail after his probation was revoked but before he was transferred to the Department of Corrections is meritless.   Graham began serving his sentence after his revocation on December 13, 2010.  Regardless of where he was housed after that date, he was still serving his sentence.  He is entitled under § 15-22-54(d)(3) to jail credit only for time he spent incarcerated prior to the date of the revocation of his probation.  Therefore, this claim is meritless.

Doc. No. 9-14 at 5.

In Graham's appeal from the denial of his Rule 32 petition of November 11, 2012, the Alabama Court of Criminal Appeals again noted, "any claim regarding failure to be credited with the time served on his sentence is a matter for a [state] petition for writ of habeas corpus, not a Rule 32 petition."  Doc. No. 9-16 at 6.

As the Alabama Court of Criminal Appeal found, Graham failed to raise his claim regarding credit for time served in compliance with Alabama's requirement that such claims be presented in a state petition for writ of habeas corpus filed in the circuit court of the county where the defendant is incarcerated. *See, e.g., Adcock v. State*, 710 So.2d 938, 940-41 (Ala. Crim. App. 1998); § 15-21-6, Ala. Code 1975.  This procedural rule is firmly established and regularly followed in Alabama. *See, e.g., Adcock*, 710 So.2d at 940-41; *Graves v. State*, 710 So.2d 535, 536 (Ala. Crim. App. 1997).  Graham makes no attempt to demonstrate cause for his failure to present this defaulted claim to the state courts in compliance with applicable procedural rules.  Nor does he make the showing of actual innocence required to overcome his procedural default.  Consequently, this procedurally defaulted claim is foreclosed from federal habeas review.

Even if the independent state-ground doctrine were not a basis for finding Graham's claim to be procedurally defaulted, the claim was correctly rejected on the merits by the state appellate court.  As noted above, the Alabama Court of Criminal Appeals found that Graham received all the jail credit to which he was entitled – i.e., that time he spent incarcerated "prior to revocation" – and that there was no merit to Graham's claim he was entitled to jail credit for time spent in the county jail after his probation was revoked but before he was transferred to the Alabama Department of Corrections.  *See* Doc. No. 9-14 at 5.  Graham fails to demonstrate that this ruling by the Alabama Court of Criminal Appeals was contrary to and/or involved an unreasonable application of clearly established Supreme Court law,

nor has he demonstrated that this decision on the merits was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. *See* 28 U.S.C. §2254(d)(1) & (2). Consequently, he is not entitled to habeas relief based on this claim.

## C.      Trial Court's Failure to Conduct Evidentiary Hearing on Rule 32 Petition

Graham claims that the trial court erred by failing to conduct an evidentiary hearing on his Rule 32 petition of February 18, 2012. Doc. No. 1 at 32-33.

The failure of a state court to conduct an evidentiary hearing addressing a state post-conviction petition does not implicate the United States Constitution, as states have no obligation to provide this avenue of relief, and when they do, nothing in the Constitution requires that an evidentiary hearing be held. *See Murray v. Giarratano*, 492 U.S. 1, 6-8 (1989); *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987); *Golston v. Attorney General of the State of Alabama*, 947 F.2d 908, 911 (11th Cir. 1991). An attack on a state collateral proceeding does not entitle a petitioner to federal habeas relief in respect to his conviction, because it is an attack on a proceeding collateral to the detention and not the detention itself. *See Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995).

To the extent Graham bases this claim on alleged violations of state law (e.g., Ala.R.Crim.P. 32.9(a)),[11] he is likewise entitled to no relief, because a state court's

---

[11] Rule 32.9 of the Alabama Rules of Criminal Procedure provides that, unless the trial court dismisses the Rule 32 petition, a petitioner is entitled to an evidentiary hearing to determine disputed

(continued...)

interpretation of its own laws and rules provides no basis for federal habeas relief. *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988). A federal court has no authority to re-examine state court determinations on questions of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991). Consequently, Graham is due no relief with respect to his claim that the trial court erred in denying his Rule 32 petition without conducting an evidentiary hearing.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation or before April 6, 2016. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds

---

[11](...continued)
issues of material fact, but that in lieu of an evidentiary hearing, the court in its discretion may take evidence by affidavits, written interrogatories, or depositions. Ala.R.Crim.P. 32.9(a).

of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th

Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also*

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

 Done this 23rd day of March, 2016.


     _____/s/Charles S. Coody_____
     CHARLES S. COODY
     UNITED STATES MAGISTRATE JUDGE